## LANDE v. STERNBERG.

### (District Court, E. D. New York. March 4, 1916.)

PATENTS ⚙⟶328—VALIDITY AND INFRINGEMENT—SASH LOCK.

> The Lande patent, No. 1,102,519, for a sash lock, claims 1 and 2, *held* valid and infringed by the device of the Sternberg patent, No. 1,103,629. The latter patent, if valid as covering an improvement over the Lande device, *held* not infringed.

In Equity. Suit by Max Lande against Moses J. Sternberg, with cross-bill. Decree for complainant.

Samuel Silbiger, of Brooklyn, for plaintiff.
Goldstein & Goldstein, of New York City (Abraham Lipton, of New York City, of counsel), for defendant.

CHATFIELD, District Judge. This action presents a peculiar disagreement between two men whose business relations arose from plans by which the defendant was to advance money and to receive an interest in a business or corporation, to put upon the market a device which the plaintiff had invented and for which he had already applied to the United States government for a patent. His application was

filed upon the 11th day of October, 1913, and the patent was not issued until the 7th of July, 1914, under No. 1,102,519.

In January or February of 1914, the plaintiff and defendant met together while attending services at a synagogue in Brooklyn, and the plaintiff, Lande, then communicated to the defendant the proposition that the defendant make an investment in putting upon the market the device for which Lande had made the patent application. The defendant was interested, and it appears that certain models or samples were prepared and inquiry started as to the possibilities of sale and manufacture.

The device of this patent is a post or bolt, intended to pass above the lower sash of a window into a socket or keeper fastened to the upper sash of the window. It is held in place by a bracket attached to the window jamb. Lande's application and the patent as issued contained a spring in the head of the bolt, which would normally maintain the bolt in the locked position, unless held back by means of a pin sliding in a rectangular-shaped slot. The presence of this spring insured the necessity of drawing the knob away from the window or out into the room before this pin could be turned into the crosswise portion of the slot.

It soon became evident to the men attempting to manufacture and sell the device that the cost of production was greatly increased by the complexity of the parts containing the spring, and that the spring was unnecessary. The protection afforded by the slot and pin could be obtained, even if the additional force necessary to withdraw the bolt against the spring were not required, and if the slot was placed only in the keeper or socket, instead of also in the outer shell or casing of the bolt itself.

The evidence indicates that a suggestion to this effect came from one of the mechanics, who was interrogated about making the device. In the meantime a meeting of other men connected with the plaintiff and defendant in their church and business associations was held, to form a corporation to manufacture and sell the device, but a dispute arose as to the amount of stock which the plaintiff and defendant, respectively, were to have as individuals, and the defendant seems to have conceived the idea of putting upon the market for himself the sash lock in the simplified form, which was the natural development of the suggestion to omit the spring and to change the position of the slot.

After difficulties had arisen between the plaintiff and the defendant, and while the defendant had in his possession many of the articles which had been made up for the intended joint use of both men, the defendant made an application to the Patent Office, upon the 29th of May, 1914, and a patent was allowed him upon the 14th day of July, 1914, for the simplified form of window lock, which had grown out of the attempt to manufacture the device as invented by Lande, but with one new feature.

This change was to construct the bracket in two parts, pivoted together so that the weight of the bolt would cause the outer part of the bracket to rotate with the weight of the bolt when not locked, and

thus to allow the bolt to hang down straight (instead of sticking out into the room from the window jamb) when the window was not locked.

Claims 1 and 2 of the Lande patent, which was issued seven days earlier, are as follows:

"1. A sash lock, comprising a window bearing, a bolt slidable therein, and having a bit, a sash, a keeper on the sash having a bit-slot and adapted to be engaged by the bolt, and means for closing said slot.

"2. A sash lock, comprising a window bearing, a bolt slidable therein, and having a bit, a latch having a plug, and a keeper adapted to receive the bolt and having a bit-slot adapted to be closed by the plug."

(The other claims include the spring knob or head.)

Claims 1 and 2 of the Sternberg patent, issued on the 14th day of July, 1914, are as follows:

"1. A window fastener, comprising a socket in a sash, a bolt adapted to engage therewith, and a pivoted bracket in which said bolt is carried and adapted to slide, for the purpose set forth.

"2. A window fastener, comprising a bolt, a bracket pivoted to a window frame and in which said bolt slides, and a plurality of sockets in the upper sash, the bolt passing freely over the top of the lower sash and engaging the sockets in the upper sash."

It will thus be seen that Sternberg claimed the pivoted bracket as a feature of his invention, and that Lande was allowed a patent for the other features of the sash lock (but without describing the spring), which had proved to be the mechanical or financial objection to placing a cheap and simple device upon the market. In the meantime, however, and according to the testimony with the knowledge of both Lande and Sternberg, plans had been made to apply for another (Canadian) patent, and upon the 21st day of May, 1914, Lande signed the application. This was filed in the Dominion of Canada, and a patent was issued on October 13, 1914, in which Lande describes the sash lock in substantially the form of the Sternberg device, without the pivoted bracket. Claim 1 of the Canadian patent is as follows:

"1. A sash lock, comprising a window bearing, a bolt slidable and rotatable therein, and having a bit, a sash, a keeper on the sash having a bayonet slot adapted to be engaged by the bit, and means for checking the rotation of the bolt while in engagement with the keeper."

No expert testimony has been presented. None of the filed wrappers are before the court, and the witnesses have testified entirely from the standpoint of laymen, leaving the interpretation of the patents and of the inventions to the court.

It must be assumed, therefore, in the absence of anything to the contrary, that the parties understood what the language of their applications and claims purports to mean. It is evident that the patent issued to Sternberg for a window lock, with the rotatable or swivel form of bracket, in combination with the slot arrangement of the bolt and keeper, might be held a patentable invention or improvement even over the Lande patent, if otherwise allowable.

As has been said in the case of Garrison v. Eagle Wagon Works, 229 Fed. 159, —— C. C. A. ——, the mere allowance of a patent does not show that none of the earlier patents could be cited as anticipa-

tions. Nor is the fact that the Patent Office is not shown to have suggested an interference between Lande and Sternberg conclusive proof as to the amount of originality in the Sternberg patent, which was evidently later in conception than that of the original device, as shown by the Lande applications for the United States patent and the Canadian patent as well.

As between Lande and Sternberg, Lande was certainly the prior inventor of everything which he can claim before January, 1914, when he first brought the matter of a sash lock to Sternberg's attention.

The plaintiff charges infringement by the defendant through the use of devices made in accordance with the Sternberg patent, in the form in which those ideas have been and are commercially placed upon the market, and in the form in which elimination has simplified the device. The defendant, on the other hand, not only denies this charge of infringement, but has claimed as original invention on his part, the simplification of the Lande device, and the improvement by the rotatable or swivel bracket. He in turn charges infringement by Lande in adopting the use of the solid bolt which is the simplified device of his own (that is, Lande's) patent. The defendant mentions in claim 2 a "plurality of keepers." This is shown by Lande, but the defendant connects the keepers by a metal plate, which does not involve invention.

As between Lande and Sternberg, the Lande patent seems to be sufficient in conception and disclosure to cover the form of device with the spring omitted. The simplified structure is merely the equivalent, in all of the patentable elements, of the structure which Lande in effect complicated by adding the spring.

It further is apparent that Lande appreciated the fact that the patentable elements of his structure could be comprised in a device in which the spring or an equivalent therefor might take a different form; and, as is shown in the claims cited, he did not limit himself to the spring construction. In this sense of the Lande patent, Sternberg is evidently an infringer, and is entitled only to the rights of an inventor of an improvement over the Lande patent. On the other hand, the idea of the swivel is original in combination with the other parts of a device of this sort, and is patentable if it involves invention. No prior art has been presented to indicate whether the conception was a mere mechanical change from earlier patents, except the Lande patents.

As between Lande and Sternberg, Sternberg would not seem to be entitled to charge infringement of his patent by the present form of the Lande device. The claim in the Sternberg patent for the combination of the Lande lock with a pivoted or swivel bracket is clearly not infringed, and Sternberg does not show any right, as inventor, to the lock without the spring.

The testimony of the defendant and his lack of understanding of the mechanical principles involved made it evident that any invention by him must have been entirely a mental concept, which he could not illustrate or explain other than by model, and he has shown no ability to distinguish the elements of a patentable claim, or to differentiate between the claims of the patents which he actually received from the

claims of the patent which was issued to Lande. His application, drawn by the attorney from a device or model, may not even be valid as a patentable combination, if the only concept in the mind of the inventor was the rotation or bending down by hinge or pivot of a post jutting out into the room when not in use. But that question is not before the court. Through the presentation of the model to his patent attorney, Sternberg was enabled to file an application for a combination, which has been allowed, and considered an improvement over the Lande patent in the simplified form without the spring.

Under these circumstances, the only decree which can be entered in this case is to hold the Lande patent valid and infringed by Sternberg, inasmuch as Sternberg had no rights to use his improvement upon the Lande device, unless he obtains Lande's consent to the use of the original Lande patent.

The counterclaim should be dismissed for noninfringement of the Sternberg patent, even presuming that to be valid as an improvement.